UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HOLMES GROUP, INC., | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | 05-CV-10504 (NMG) |
| | : | |
| EURO-PRO OPERATING, LLC, | : | |
| Defendant. | : | |

FIRST AMENDED ANSWER TO
FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

EURO-PRO OPERATING, LLC ("Euro-Pro"), defendant in the above-captioned matter, responds to the first amended complaint of The Holmes Group, Inc. ("Holmes") and asserts the following counterclaims as follows:

*Complaint Section Entitled "The Parties"*

1.  Euro-Pro admits the allegations in paragraph 1.

2.  Euro-Pro admits the allegations in paragraph 2.

*Complaint Section Entitled "Subject Matter Jurisdiction"*

3.  Admitted in part and denied in part. Euro-Pro admits that there is jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a). Euro-Pro denies the allegation or implication that any of its activities have resulted in any actionable claim in favor of Holmes.

*Complaint Section Entitled "In Personam Jurisdiction"*

4.  Admitted in part and denied in part. Euro-Pro admits that it is subject to *in personam* jurisdiction in this judicial district. Euro-Pro denies the allegation or

implication that any of its activities have resulted in any actionable claim in favor of Holmes.

*Complaint Section Entitled "Venue"*

5. Admitted in part and denied in part. Euro-Pro admits that venue is proper in this judicial district. Euro-Pro denies the allegation or implication that any of its activities have resulted in any actionable claim in favor of Holmes.

*Complaint Section Entitled "Patent Infringement"*

6. Admitted in part and denied in part. Euro-Pro admits that Holmes's name appears on the cover page of U.S. Patent No. 6,573,483 B1 ("the '483 patent"), entitled "Programmable Slow-Cooker Appliance" and issued on June 3, 2003, as the patent's assignee. Euro-Pro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the same are denied.

7. Denied. By way of further answer, Euro-Pro states affirmatively that the '483 patent is either invalid, unenforceable or both and not "duly and legally issued" as alleged by Holmes. Euro-Pro incorporates by reference the allegations set forth below under the "Counterclaims" heading.

8. Admitted in part and denied in part. Euro-Pro admits that Holmes's name appears on the cover page of U.S. Patent No. 6,740,855 B1 ("the '855 patent"), entitled "Programmable Slow-Cooker Appliance" and issued on May 25, 2004, as the patent's assignee. Euro-Pro is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph, and so the same are denied.

9. Denied. By way of further answer, Euro-Pro states affirmatively that the '855 patent is either invalid, unenforceable or both and not "duly and legally issued" alleged by Holmes. Euro-Pro incorporates by reference the allegations set forth below under the "Counterclaims" heading.

10. Admitted in part and denied in part. Euro-Pro admits that Holmes's name appears on the cover page of U.S. Patent No. 6,872,921 B1 ("the '921 patent"), entitled "Programmable Slow-Cooker Appliance" and issued on March 29, 2005, as the patent's assignee. Euro-Pro is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and so the same are denied.

11. Euro-Pro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and so the same are denied.

12. Admitted in part and denied in part. Euro-Pro admits that it offers for sale and sells the product known as the "Programmable Intelligent Gourmet Slow Cooker," model number KC276T, and that the owner's manual for this product is attached to the amended complaint as Exhibit "D." The remaining allegations are denied. By way of further answer, Euro-Pro states affirmatively that the '483, '855 and '921 patents are either invalid, unenforceable or both and are not being infringed by Euro-Pro.

13. Denied. By way of further answer, Euro-Pro states affirmatively that the '483, '855 and '921 patents are either invalid, unenforceable or both and are not being infringed by Euro-Pro.

14.     Denied. By way of further answer, Euro-Pro states affirmatively that the '483, '855 and '921 patents are either invalid, unenforceable or both and are not being infringed by Euro-Pro.

15.     Admitted in part and denied in part. Euro-Pro admits that Stanley Rosenzweig is a former employee of Holmes, a current employee of Euro-Pro, and a part-owner of both Holmes and Euro-Pro. The remaining allegations in this paragraph are denied. By way of further answer, Euro-Pro states affirmatively that Stanley Rosenzweig has not conveyed to Euro-Pro any alleged trade secrets belonging to Holmes and that any alleged trade secrets covering the subject matter of the '483, '855 and '921 patents are sufficient as a matter of law to invalidate them.

16.     Admitted in part and denied in part. Euro-Pro admits that former employees of Holmes are currently employed by Euro-Pro, including Heather Jones-Lawlor. The remaining allegations in this paragraph are denied. By way of further answer, Euro-Pro states affirmatively that any former employees of Holmes were hired lawfully and properly, none of them have conveyed to Euro-Pro any alleged trade secrets belonging to Holmes, and that any alleged trade secrets covering the subject matter of the '483, '855 and '921 patents are sufficient as a matter of law to invalidate them.

17.     Denied. By way of further answer, Euro-Pro states affirmatively that the '483, '855 and '921 patents are either invalid, unenforceable or both and are not being infringed by Euro-Pro.

18.     Denied. By way of further answer, Euro-Pro states affirmatively that the '483, '855 and '921 patents are either invalid, unenforceable or both and are not being infringed by Euro-Pro.

19. Denied. By way of further answer, Euro-Pro states affirmatively that the '483, '855 and '921 patents are either invalid, unenforceable or both and are not being infringed by Euro-Pro.

*First Affirmative Defense*

20. Euro-Pro is not liable for infringement of the '483, '855 or '921 patents nor has it contributed to or induced their infringement. The amended complaint, therefore, fails to state a claim upon which relief can be granted.

*Second Affirmative Defense*

21. The '483, '855 and '921 patents are invalid and void for failure to comply with the conditions for patentability as set forth in 35 U.S.C. § 101 *et seq.* The '855 and '921 patents are unenforceable for inequitable conduct, as described more specifically in the Third Counterclaim set forth below.

*Third Affirmative Defense*

22. The '483, '855 and '921 patents are unenforceable for patent misuse.

23. Specifically, upon information and belief, Holmes has asserted falsely to others, including Euro-Pro's customers and potential customers, that Euro-Pro's products infringe one or more claims of the '483, '855 and '921 patents—at a time when Holmes knew or should have known that such statements were false and with the intention that such statements would cause harm to Euro-Pro's existing and prospective contractual relations.

*Fourth Affirmative Defense*

24.     Holmes has knowingly and intentionally acquiesced to any alleged infringement described in Holmes's amended complaint. The amended complaint, therefore, is barred by waiver, release, estoppel and license.

*Fifth Affirmative Defense*

25.     Holmes has delayed bringing this action against Euro-Pro. The amended complaint, therefore, is barred by laches and statute of limitations.

*Sixth Affirmative Defense*

26.     The claims of the '483, '855 and '921 patents are not and have not been infringed and Holmes is estopped from asserting infringement because of arguments, representations, assertions and admissions during the prosecution of these patents.

## COUNTERCLAIMS

*Jurisdiction and Venue*

27.     These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

28.     Jurisdiction in this court is proper under 28 U.S.C. §§ 1331 and 1338. Furthermore, this Court has personal jurisdiction over Holmes based upon, among other things, its domicile in this judicial district and the filing of this civil action.

29.     Venue in this court is proper under 28 U.S.C. § 1391.

*The Parties*

30.    Euro-Pro is a Delaware corporation having a principal place of business at 1210 Washington Street, Newton, Massachusetts 02465-2147.

31.    Upon information and belief, Holmes is a Massachusetts corporation having a principal place of business at One Holmes Way, Milford, Massachusetts 01757.

*Allegations Common to All Counts*

32.    Euro-Pro incorporates by reference all of the statements set forth above in its first amended answer to Holmes's first amended complaint.

33.    Upon information and belief, Holmes purports to be the assignee and owner of the '483, '855 and '921 patents.

34.    On or about March 17, 2005, Holmes filed its complaint in this action seeking, *inter alia*, a judgment of patent infringement, that Euro-Pro has willfully directly infringed, actively induced others to infringe, and has contributed to the infringement of the '483 and '855 patents, and a preliminary and permanent injunction enjoining Euro-Pro from making, using, importing, offering for sale, and selling allegedly infringing products.  On or about March 31, 2005, Holmes filed its first amended complaint against Euro-Pro, alleging infringement of the '483, '855 and '921 patents.

35.    As set forth above, Euro-Pro denies that it has infringed the '483, '855 or '921 patents or that it has willfully directly infringed, actively induced others to infringe, and/or has contributed to the infringement of any valid or enforceable claim of the patents, and Euro-Pro further alleges that the patents are invalid, unenforceable or both.

36.     Based upon the foregoing, as well as Holmes' allegations that Euro-Pro has infringed the '483, '855 or '921 patents, an immediate and justiciable controversy exists between Euro-Pro and Holmes as to the infringement, validity, and enforceability of the patents.

*First Counterclaim—Non-infringement of the '483, '855 or '921 Patents*

37.     The allegations set forth above are incorporated herein by reference.

38.     There is an actual, substantial, and continuing justiciable controversy between Euro-Pro and Holmes regarding the alleged infringement of the '483, '855 and '921 patents.

39.     Euro-Pro does not infringe the '483, '855 or '921 patents.

40.     Euro-Pro requests, and is entitled to, a declaratory judgment that it does not infringe any claim of the '483, '855 or '921 patents.

*Second Counterclaim—Invalidity of the '483, '855 and '921 Patents*

41.     The allegations set forth above are incorporated herein by reference.

42.     There is an actual, substantial, and continuing justiciable controversy between Euro-Pro and Holmes regarding the invalidity of the '483, '855 and '921 patents.

43.     The '483, '855 and '921 patents are invalid for failure to comply with the patent laws of title 35 of the Untied States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the judicial doctrine of double patenting.

44. Euro-Pro requests, and is entitled to, a declaratory judgment that the '483, '855 and '921 patents are invalid under 35 U.S.C. §§ 101, 102, 103 and 112, and/or the judicial doctrine of double patenting.

*Third Counterclaim—Unenforceability of the '855 and '921 Patents*

45. The allegations set forth above are incorporated herein by reference.

46. There is an actual, substantial, and continuing justiciable controversy between Euro-Pro and Holmes regarding the enforceability of the '855 and '921 patents.

47. Upon information and belief, the '855 and '921 patents are unenforceable by reason of misconduct in the process of obtaining the patents from the United States Patent and Trademark Office ("PTO"). Upon information and belief, Holmes did not bring to the PTO's attention certain material prior art and other information material to the patentability of its applications.

48. Specifically, beginning in or about November, 2003, Euro-Pro notified Holmes that it had material prior art regarding the subject matter of the '483, '855 and '921 patents and offered to provide it to Holmes. Euro-Pro informed Holmes that the prior art raised substantial doubt about the patentability of Holmes's claimed inventions and that, once in possession of the prior art, Holmes would need to reconsider its accusations of patent infringement against Euro-Pro. Holmes, however, refused Euro-Pro's offer.

49. Thereafter, Holmes filed a number of information disclosure statements ("IDSs") with the PTO in which Holmes represented falsely to the PTO that "Applicants are not aware of any other references to be identified at this time" and failed to include

any information about the prior art references offered by Euro-Pro. By such affirmative statements and omissions, Holmes intentionally deceived the PTO into believing that the IDSs submitted by Holmes contained a complete listing of the prior art material to Holmes's patent applications, when in fact Holmes had omitted from its IDSs that other, material prior art was available to Holmes and Holmes had refused an offer to see it. The dates of filing for Holmes's IDSs include, without limitation, November 13 and December 1, 2003. In addition, Holmes also filed other documents relating to the '921 patent on December 1, 2003, and May 7 and October 19, 2004. Holmes intentionally omitted any mention of the prior art references offered by Euro-Pro in any of these written communications.

50. Upon information and belief, Holmes intended that the PTO would rely upon and be deceived by Holmes's knowingly false and incomplete IDSs. Specifically, Holmes intended that the PTO would examine each IDS and rely on its contents in its decision to allow Holmes's patent applications. The PTO actually received and relied upon Holmes's IDSs in its decision to allow Holmes's patent applications.

51. Discovery in this matter has not yet begun, and Euro-Pro has not yet been granted access to Holmes's documents and witnesses to determine whether there is other material prior art that Holmes intentionally concealed or omitted from its IDSs. Accordingly, Euro-Pro reserves the right to amend these pleadings (with leave of court, if appropriate) to include additional information regarding the unenforceability of Holmes's patents.

52. Euro-Pro requests, and is entitled to, a declaration that the '855 and '921 patents are unenforceable.

*Fourth Counterclaim—Intentional Interference with Existing and Prospective Contractual Relations*

53. The allegations set forth above are incorporated herein by reference.

54. Euro-Pro has contractual relations with existing customers and a reasonable expectation of contractual relations with prospective customers for its products, including the "Programmable Intelligent Gourmet Slow Cooker," model number KC276T.

55. Holmes knows of Euro-Pro's existing and prospective contractual relations and has intentionally and wrongfully interfered with them.

56. Specifically, upon information and belief, Holmes has asserted falsely to others, including Euro-Pro's existing and prospective customers, that Euro-Pro's products infringe one or more claims of the '483, '855 and '921 patents—at a time when Holmes knew or should have known that such statements were false and with the intention that such statements would cause harm to Euro-Pro's existing and prospective contractual relations.

57. Upon information and belief, such acts of tortious interference have been committed in this and other judicial districts and will continue unless enjoined by the Court.

58. Euro-Pro has suffered and will continue to suffer damages and irreparable injury as a result of Holmes' tortious interference.

*Fifth Counterclaim—Unfair Competition*

59. The allegations set forth above are incorporated herein by reference.

60. Holmes is liable to Euro-Pro for unfair competition.

61. Specifically, upon information and belief, Holmes has asserted falsely to others, including Euro-Pro's existing and prospective customers, that Euro-Pro's products infringe one or more claims of the '483, '855 and '921 patents—at a time when Holmes knew or should have known that such statements were false.

62. Upon information and belief, such acts of unfair competition have been committed in this and other judicial districts and will continue unless enjoined by the Court.

63. Euro-Pro has suffered and will continue to suffer damages and irreparable injury as a result of Holmes's unfair competition.

*Prayer for Relief*

WHEREFORE, Euro-Pro requests that judgment be entered in its favor and against Holmes, and that Euro-Pro be granted the following relief:

A. That a judgment be entered declaring that Euro-Pro has not directly infringed, contributorily infringed, or induced the infringement of the '483, '855 and '921 patents;

B. That a judgment be entered declaring that the '483, '855 and '921 patents are invalid;

C. That a judgment be entered declaring that the '855 and '921 patents are unenforceable;

  D. That a judgment be entered declaring that Holmes has intentionally interfered with Euro-Pro's existing and prospective contractual relations;

  E. That a judgment be entered declaring that Holmes is liable to Euro-Pro for unfair competition;

  F. That a judgment be entered preliminarily and permanently enjoining Holmes, its officers, subsidiaries, parents, agents, servants, employees, attorneys, and all persons in active concert with Holmes, from asserting or otherwise seeking to enforce the '483, '855 and '921 patents against Euro-Pro or anyone making, using, importing, selling, or offering for sale products manufactured and/or sold by Euro-Pro;

  G. That a judgment be entered preliminarily and permanently enjoining Holmes, its officers, subsidiaries, parents, agents, servants, employees, attorneys, and all persons in active concert with Holmes, from any further interference with Euro-Pro's existing and prospective contractual relations;

  H. That Holmes's amended complaint be dismissed with prejudice and that Holmes take nothing by its amended complaint;

  I. That Euro-Pro be awarded compensatory damages for any portion of the injury caused by Holmes that is compensable through the payment of money;

  J. That Euro-Pro's counterclaims be declared exceptional under 35 U.S.C. § 285 and that Euro-Pro be awarded its costs of suit, including reasonable attorney's fees and costs incurred in this action; and

K. That Euro-Pro be awarded such other and further relief as the Court may deem appropriate.

Dated: May 27, 2005

EURO-PRO OPERATING, LLC,

By its attorneys,

 /s/ Michelle Chassereau Jackson
Daniel J. Gleason (BBO #194900)
Ronald E. Cahill (BBO# 638200)
Michelle Chassereau Jackson (BBO #654825)
NUTTER MCCLENNEN & FISH LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
(617) 439-2000

Of Counsel:
VENABLE LLP

Roger A. Colaizzi (pro hac vice)
Jeffrey L. Eichen (pro hac vice)
Michelle M. Marcus (pro hac vice)
575 7th Street, NW
Washington, D.C. 20004
Tel: (202) 344-4000

1434243.1