## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HOLMES GROUP, INC., | : | |
| | : | Civil Action No. 05-CV-10504 (NMG) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EURO-PRO OPERATING, LLC, | : | |
| | : | |
| Defendant. | : | |

## PROPOSED JOINT CASE SCHEDULE

Pursuant to the Court's Order dated June 8, 2005, and Local Rule 16.1, THE HOLMES GROUP, INC. ("HOLMES") and EURO-PRO OPERATING, LLC ("EURO-PRO") respectfully submit the following proposed joint case schedule.  The case was originally filed on March 17, 2005 and involves accused infringement of three patents owned by Holmes.  As requested, in any instances where HOLMES and EURO-PRO could not agree, the parties have provided both sides' proposals for the Court's consideration.

Specifically, the parties have reached agreement on Sections 1-3 and 5-9.  The parties were unable to agree on a discovery plan.  Accordingly, Section 4 provides each parties proposed discovery plan.

1.    **Certification of Conference**.

Pursuant to Fed. R. Civ. P. 26(f), several meetings were conducted by telephone

by lead counsel for the designated parties in the above-captioned case; however,

agreement on certain portions of the proposed schedule could not be reached.

**2.      Pre-Discovery Disclosures.**

The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by August

19, 2005.

**3.      Amendments/Supplements to Pleadings.**

All amendments and/or supplements to the pleadings may be filed by September

30, 2005 subject to the provisions of the Federal Rules of Civil Procedure.

**4.      Discovery Plan.**

The parties were unable to agree upon a discovery plan.  Accordingly, each party

is submitting a separate discovery plan as provided below:

**I.      HOLMES PROPOSAL (pgs. 2-4)**

HOLMES proposes that the Court adopt a standard discovery plan wherein all

fact and expert discovery are completed prior to conducting a *Markman* claim

construction hearing.  HOLMES is not in agreement with EURO-PRO'S proposed

discovery plan following the Local Patent Rules of the United States District Court for

the Northern District of California and HOLMES is unaware of such rules having been

adopted by this Court.

Therefore, HOLMES proposes the following discovery plan:

a)      All fact discovery including fact depositions shall be completed by June 1, 2006.

b)      Initial written discovery requests are to be served by September 30, 2005 and answers are to be served by October 31, 2005.

c)      Discovery Limits:

      1)      Maximum of 20 interrogatories by each party to any other party.

      2)      Maximum of 20 requests for admission by each party to any other party, except for admissions related to admissibility of documents.

      3)      Maximum of 15 depositions by each party.

d)      Identification of experts due by April 14, 2006; objections to any expert due by May 12, 2006.

e)      Reports from retained experts under Rule 26(a)(2) will be due from the party bearing the burden on a particular issue by June 30, 2006 with rebuttal reports due by July 28, 2006.  All expert depositions to be completed by August 25, 2006.  Supplementations under Rule 26(e) are due 30 days before trial.

f)      Parties to confer in an effort to narrow claim construction issues by September 15, 2006.

g)      Parties to file opening memoranda regarding claim construction by
October 13, 2006.

h)      Parties to file opposing memoranda regarding claim construction by
November 3, 2006.

i)      HOLMES requests that the Court schedule a *Markman* Hearing to
determine the meaning of the patent claims and issue an order construing
the claims.  HOLMES proposes that the *Markman* Hearing be scheduled
for December 6, 2006.  HOLMES expects the *Markman* Hearing to take
2-3 days.

j)      All pretrial and dispositive motions should be filed within 90 days of the
Court's ruling on claim construction; Responsive Briefs are due 30 days
after filing of pretrial and dispositive motions; and Reply Briefs are due 14
days after filing of Responsive Briefs.

## II.      EURO-PRO'S PROPOSAL (pgs. 4-15)

In a nutshell, EURO-PRO proposes a discovery schedule closely modeled after
the Local Patent Rules of the United States District Court for the Northern District of
California.  These rules have been widely followed even outside of the Northern District
of California because they provide for a fair, orderly and transparent pre-trial procedure
that encourages early disclosure of critical information and penalizes attempts to hide or

conceal this information.[1]  Indeed, without the detailed structure provided in these rules, pretrial practice in patent litigation tends to disintegrate into gamesmanship and flurries of discovery motions.  EURO-PRO believes that adopting a more structured, detailed procedure at the outset avoids these pitfalls and may actually encourage early settlement of the litigation, as both parties learn the strengths and weaknesses of their opponent's case far earlier in the litigation process.

        In addition, EURO-PRO specifically objects to HOLMES'S suggestion that the *Markman* hearing be scheduled after the close of all fact and expert discovery. Scheduling the *Markman* hearing after the close of all fact and expert discovery puts the parties in a position where they do not have the benefit of knowing the Court's claim constructions while they are conducting their discovery—with potentially disastrous consequences.  For example, the parties might invest significant amounts of time and money to prepare expert reports based on one definition of a claim term and then discover afterwards that the Court will be using another definition at trial.  This situation is highly prejudicial to both litigants and has been criticized in previous cases.  The fairer and more reasonable approach is reflected in EURO-PRO'S proposal—where the *Markman* hearing occurs in the middle of fact discovery and well in advance of any expert report deadlines.

                                            -5-

---

        [1] See, e.g., Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc., 227 F.R.D. 382, 286 n.1 (W.D. Pa. 2005) (following procedure patterned after the local patent rules of the Northern District of California); STMicroelectronics, Inc. v. Motorola, Inc., 308 F. Supp. 2d 754, 755-56 & n.1 (E.D. Tex. 2004); Digimarc Corp. v. Signum Techs., Ltd., 2001 U.S. Dist. LEXIS 7783 *3-4 (D. Ore. May 25, 2001); Precision Shooting Equip. v. High Country Archery, 1 F. Supp. 2d 1041, 1042 (D. Ariz. 1998).

Finally, EURO-PRO specifically objects to the procedure suggested by HOLMES for identifying and "pre-approving" experts at the beginning of expert discovery. The problem with the suggested procedure is that HOLMES would have this Court determine the admissibility of each expert's testimony BEFORE the expert reports have been prepared and BEFORE any depositions by opposing counsel. This "pre-approval" process is both unfair and highly unusual.

The specific elements of EURO-PRO'S pretrial procedure are outlined below:

1.       All fact discovery for this matter shall be completed by June 1, 2006. All disclosures required under Rule 26(a)(2) for expert witnesses to testify in either party's case-in-chief shall be served by June 30, 2006. All disclosures required under Rule 26(a)(2) for expert witnesses to testify in rebuttal shall be served by July 28, 2006. All depositions and other discovery of expert witnesses shall be completed by August 25, 2006.

2.       The deadlines for fact and expert discovery are deadlines for actually completing the discovery—not deadlines for serving discovery requests or motions to compel discovery. In other words, all discovery requests must be served sufficiently in advance of the discovery deadline to permit the opposing party to object or respond to the request, the requesting party to file any motions related to the discovery request and the Court to decide any motions related to the discovery request BEFORE the discovery deadline.

3.     By September 19, 2005, HOLMES must serve on EURO-PRO a "Disclosure of Asserted Claims and Preliminary Infringement Contentions," which shall contain the following information:

a.     A listing of each specific claim that is allegedly being infringed.

b.     For each specific claim, a list of every accused product, device, apparatus, process, method, act or other instrumentality (the "Accused Instrumentality") that HOLMES is aware of. The identification shall be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process.

c.     A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that HOLMES contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

d.     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

-7-

      e.      For any patent that claims priority to an earlier application, the priority date to which each asserted claim is allegedly entitled.

      f.      If HOLMES wishes to preserve the right to rely, for any purpose, on the assertion that its own product, device, apparatus, process, method, act or other instrumentality practices the claimed invention, then HOLMES must also identify, separately for each asserted claim, each such product, device, apparatus, process, method, act or other instrumentality that incorporates or reflects that particular claim.

4.      With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," HOLMES must produce or make available for inspection and copying:

      a.      All documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit.  HOLMES's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

      b.      All documents evidencing the conception, reduction to practice, design and development of each claimed invention, which were

-8-

    c.      created on or before the date of application for the patent in suit or the priority date identified in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," as described above.

    d.      A copy of the file history for each patent in suit.

    e.      HOLMES shall separately identify by production number which documents correspond to each of these categories.

5.      By October 31, 2005, EURO-PRO shall serve its "Preliminary Invalidity Contentions," which must contain the following information:

    a.      The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication must be identified by its title, date of publication and, where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the information know or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the persons or entities involved in and

the circumstances surrounding the making of the invention before the patent applicant(s).

b.     Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified.

c.     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that EURO-PRO contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function.

d.     Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

6.     With the "Preliminary Invalidity Contentions," EURO-PRO must produce or make available for inspection and copying:

a.     Source code, specifications, schematics, flow charts, artwork, formulas or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by HOLMES in its "Disclosure of Asserted Claims and Preliminary Infringement Contentions."

-10-

b.      A copy of each item of prior art identified in the "Preliminary

Invalidity Contentions" which does not appear in the file history of

the patent(s) at issue.  To the extent that any such item is not in

English, an English translation of the portion(s) relied upon must

be produced.

7.      Each party's "Preliminary Infringement Contentions" and "Preliminary

Invalidity Contentions" shall be deemed to be that party's final contentions, except as set

forth below.

a.      If HOLMES believes in good faith that (1) the Court's Claim

Construction Ruling or (2) the documents produced by EURO-

PRO along with its "Preliminary Invalidity Contentions" so

requires, not later than 30 days after service by the Court of its

Claim Construction Ruling, HOLMES may serve "Final

Infringement Contentions" without leave of court.

b.      Not later than 50 days after service by the Court of its Claim

Construction Ruling, EURO-PRO may serve "Final Invalidity

Contentions" without leave of court if (1) HOLMES has served

"Final Infringement Contentions" or (2) EURO-PRO believes in

good faith that the Court's Claim Construction Ruling so requires.

8.      Amendment or modification of the Preliminary or Final Infringement

Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly

-11-

permitted in the paragraph above, may be made only upon order of the Court, which shall be entered only upon a showing of good cause.

9.     Not later than 50 days after service by the Court of its Claim Construction Ruling, if EURO-PRO will be relying on an opinion of counsel as part of a defense to a claim of willful infringement, then EURO-PRO shall:

a.     Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client privilege or work-product protection has been waived; and

b.     Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which EURO-PRO is withholding on the grounds of attorney-client privilege or work-product protection.

c.     If EURO-PRO does not comply with the requirements of this paragraph, EURO-PRO will not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

10.    By November 21, 2005, each party shall simultaneously exchange a "Proposed Terms and Claim Elements for Construction," which shall consist of a list of claim terms, phrases or clauses that should be construed by the Court and an

-12-

identification of any claim elements that should be governed by 35 U.S.C. § 112(6). After exchanging these documents, the parties shall meet and confer for the purpose of preparing a final list for submission to the Court, narrowing or resolving differences, and facilitating the ultimate preparation of a "Joint Claim Construction and Prehearing Statement."

11.    By December 12, 2005, the parties shall simultaneously exchange a "Preliminary Claim Construction," which shall consist of a preliminary proposed construction for each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.  Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s) or material(s) corresponding to that element.  At the same time that the parties exchange their respective "Preliminary Claim Constructions," they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions.  The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.  The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

-13-

12.     By January 16, 2006, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

a.     The construction of those claim terms, phrases or clauses on which the parties agree.

b.     Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the specification or prosecution history that supports that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including without limitation (as permitted by law) dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

c.     The anticipated length of time necessary for the Claim Construction Hearing.

d.     Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

-14-

e.    A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

13.    By February 6, 2006, the parties shall complete all discovery relating to claim construction, including any deposition with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

14.    By February 27, 2006, HOLMES and EURO-PRO shall simultaneously serve and file opening briefs and any evidence supporting their respective claim constructions.

15.    By March 13, 2006, HOLMES and EURO-PRO shall simultaneously serve and file their responsive briefs and any supporting evidence.

16.    Subject to the convenience of the Court's calendar, the Court shall conduct a Claim Construction Hearing following receipt of the parties' opening and responsive briefs, to the extent that the Court believes a hearing is necessary for construction of the claims at issue.

**5.    Mediation.**

The parties believe that settlement may be enhanced by use of a judicial settlement conference at the appropriate time.

-15-

6.    **Pretrial Matters**.

   a)    Final lists of witnesses and exhibits under Rule 26(a)(3) are due:

   from Plaintiff within 30 days of ruling on pretrial and dispositive motions,
   and from Defendant within 45 days of ruling on pretrial and dispositive
   motions.

   b)    A final pretrial conference will be held on _____ to be notified by
   the Court, and must be attended by trial counsel.  Counsel shall be
   prepared to commence trial as of _____.

   c)    If the case is ultimately tried, the parties expect the trial to take
   approximately 8-10 days.

7.    **Protective Order**.

The parties agree that a Protective Order will be prepared and filed with the
Court.

8.    **Motion Schedule**.

Last day to file motions regarding fact discovery including any motions to compel
discovery:  30 days prior to the close of fact discovery.

Last day to file motions regarding expert discovery including any motion to
compel discovery:  30 days prior to the close of expert discovery.

Last day to file all motions other than motions in limine and other motions
relating to evidence and procedure at trial:  60 days prior to final pretrial
conference.

9.     <u>**Certifications Signed by Counsel and Clients**</u>.

The required certifications pursuant to Local Rule 16.1(d)(3) are attached hereto

as Exhibit "A."

Respectfully submitted,

Dated:  <u>July 29, 2005</u>                                Dated:  <u>July 29, 2005</u>


/s/      Charles R. Hoffmann                       /s/      Jeffrey L. Eichen
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)         Daniel J. Gleason
CRHDocket@hoffmannbaron.com                        Ronald E. Cahill
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)        Michelle C. Jackson
GTHDocket@hoffmannbaron.com                        Nutter, McClennen & Fish, LLP
Hoffmann & Baron, LLP                              World Trade Center West
6900 Jericho Turnpike                              155 Seaport Blvd.
Syosset, New York  11791-4407                      Boston, MA 02210-2604
Telephone:  (516) 822-3550                         (617) 439-2000
Facsimile:  (516) 822-3582                         (617) 310-9000 (fax)

and                                                and

Nicholas J. Nesgos (BBO No. 553177)                Roger Colaizzi (*Pro Hac Vice*)
nnesgos@pbl.com                                    Jeffrey L. Eichen (*Pro Hac Vice*)
Jennifer Finger (BBO No. 641830)                   Michelle M. Marcus (*Pro Hac Vice*)
jfinger@pbl.com                                    Venable LLP
Joseph W. Corrigan (BBO No. 647393)                575 7th Street N.W.
jcorrigan@pbl.com                                  Washington, DC 20004
Posternak Blankstein & Lund LLP                    (202) 344-4000
Prudential Tower, 800 Boylston Street              (202) 344-8300 (fax)
Boston, Massachusetts  02199-8004
Telephone:  (617) 973-6100                         Attorneys for Defendant
Facsimile:  (617) 367-2315                         Euro-Pro Operating, LLC

Attorneys for Plaintiff
The Holmes Group, Inc.

-17-

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

THE HOLMES GROUP, INC.,    :

                   :    Civil Action No. 05-CV-10504 (NMG)

      Plaintiff,    :

                   :

      v.           :

                   :

EURO-PRO OPERATING, LLC,    :

                   :

      Defendant.    :

## LOCAL RULE 16.1(d)(3) CERTIFICATION

Plaintiff, The Holmes Group, Inc. ("HOLMES") and its counsel hereby certify pursuant to Local Rule 16.1(d)(3) that Holmes and its counsel and counsel for Holmes and counsel for Defendant, Euro-Pro Operating, Inc. ("EURO-PRO") have conferred:

    (a)    with a view to establishing a budget for the costs of conducting the full

            course -- and various alternative courses -- of the litigation; and

(b)     considered the resolution of the litigation through the use of alternative

dispute resolution programs such as that outlined in Local Rule 16.4.

Respectfully submitted,

Dated: 7/29/05

Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York 11791-4407
Telephone: (516) 822-3550
Facsimile: (516) 822-3582

Nicholas J. Nesgos (BBO No. 553177)
nnesgos@pbl.com
Jennifer Finger (BBO No. 641830)
jfinger@pbl.com
Joseph W. Corrigan (BBO No. 647393)
jcorrigan@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts 02199-8004
Telephone: (617) 973-6100
Facsimile: (617) 367-2315

Attorneys for Plaintiff, The Holmes Group, Inc.

and

Dated: 7/28/05

Paul Izzo, Esq.
General Counsel and Senior Vice President,
Human Resources
The Holmes Group, Inc.
One Holmes Way
Milford, MA 01757
Office: (508) 422-1521
Fax: (508) 634-8771
E-mail: paizzo@theholmesgroup.com

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HOLMES GROUP, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 05-CV-10504 (NMG) |
| | : | |
| EURO-PRO OPERATING, LLC, | : | |
| Defendant. | : | |

## DEFENDANT'S CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3)

Pursuant to Local Rule 16.1(D)(3), plaintiff Euro-Pro Operating, LLC hereby

certifies that appropriate corporate officers have conferred with counsel with respect to

the above matter:

(a)    with a view to establishing a budget for the costs of conducting the full

course, and various alternative courses, of litigation; and

(b)    to consider the resolution of the litigation through the use of alternative

dispute resolution programs.

_____
Jeffrey L. Eichen (pro hac vice)
Venable LLP
575 7th Street, NW
Washington, D.C. 20004
(202) 344-4000

_____
Francine Rosenzweig, General Counsel
Euro-Pro Operating, LLC
1210 Washington Street, 1st Floor
West Newton, MA 02465-2147
(617) 243-0235

Date: July 29, 2005