IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE HOLMES GROUP, INC., | : | |
| | : | Civil Action No. 05-CV-10504 (NMG) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EURO-PRO OPERATING, LLC, | : | |
| | : | |
| Defendant. | : | |

## CONSENTED TO MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff, The Holmes Group, Inc., with the consent of Defendant, Euro-Pro Operating, LLC, hereby moves for entry of a Stipulated Protective Order in this case. The parties have prepared and executed the Stipulated Protective Order attached hereto and request that the Court enter the same in the case.

Respectfully submitted,

Dated: October 3, 2005

/s/ Glenn T. Henneberger
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
Hoffmann & Baron, LLP
6900 Jericho Turnpike
Syosset, New York 11791-4407
Telephone: (516) 822-3550
Facsimile: (516) 822-3582

and

- 2 -

        Nicholas J. Nesgos (BBO No. 553177)
        nnesgos@pbl.com
        Jennifer Finger (BBO No. 641830)
        jfinger@pbl.com
        Joseph W. Corrigan (BBO No. 647393)
        jcorrigan@pbl.com
        Posternak Blankstein & Lund LLP
        Prudential Tower, 800 Boylston Street
        Boston, Massachusetts  02199-8004
        Telephone:  (617) 973-6100
        Facsimile:  (617) 367-2315

        Attorneys for Plaintiff
        THE HOLMES GROUP, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC., | |
| Plaintiff, | Civil Action No. 05-CV-10504 (NMG) |
| v. | |
| EURO-PRO OPERATING, LLC, | |
| Defendant. | |

### STIPULATED PROTECTIVE ORDER

WHEREAS, certain information, documents and things containing trade secrets and other confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to be bound by the terms of this Stipulation and to present the same for entry as an Order of the Court;

IT IS HEREBY STIPULATED AND AGREED THAT:

1. This Protective Order shall apply to all information, documents, testimony and things designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY by the parties or nonparty witnesses as provided in this Order. As used herein, the term "Highly Confidential" is synonymous with "HIGHLY CONFIDENTIAL–ATTORNEY'S EYES ONLY" and refers to any information, documents, testimony and things so designated.

2. All documents, things, answers to discovery requests, deposition testimony and other information furnished in pretrial discovery (except publicly available records) are provided solely for the purpose of this litigation between the parties and may not be used for any other purpose, regardless of whether they are designated as Highly Confidential.

3. Each affidavit or portion thereof, each deposition transcript or portion thereof, each interrogatory answer or portion thereof, each document or portion thereof, each premise or thing or portion thereof, which is deemed by a plaintiff, a defendant or a nonparty witness producing same to disclose Highly Confidential information will be so identified and labeled HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY if it, in concurrence with its counsel and in good faith, deems that a reasonable basis exists for limiting dissemination of the material or disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 of the Federal Rules of Civil Procedure.

    a. In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing entity may identify and mark the information as Highly Confidential at the time when an affidavit, pleading, or memoranda is served, when the answer to the interrogatory or request for admission is served, when a copy of a document is provided, or at the time of the inspection of the premises or thing.

    b. In the case of a deposition transcript, the deposing party shall designate the entire transcript as Highly Confidential at the commencement of the deposition, in which event all persons who are not entitled to be privy to Highly

Confidential information pursuant to Paragraph 5 hereof shall be excluded from the deposition. If the non-designating party later seeks to de-designate portions of the transcript, it shall advise opposing counsel in writing of the specific pages and exhibits to be de-designated, asking that the Highly Confidential designation be removed or for the designating party to state the reasons why the designation should remain. In the event that the parties disagree regarding the de-designation of the selected portions of the transcript, the parties shall first meet and confer to try to resolve such dispute on an informal basis. If agreement cannot be reached between counsel, then such dispute shall be presented to the Court for resolution as described in Paragraph 10 below.

4. Inadvertent failure to designate documents, information, testimony or things as Highly Confidential prior to disclosure, production, or response will not prevent or prejudice in any way a subsequent designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Order.

5. Unless and until the Court rules that any material so identified as Highly Confidential is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of information, documents and things so identified shall be limited to:

   a. Counsel of record employed full-time by an outside, independent law firm (that is, not in-house counsel) and their full-time partners, associates and employees (including full-time stenographic, clerical and paralegal employees) who

are not employees of or related in any way to the parties or their affiliates and whose functions require access to such Highly Confidential information.

      b.      Independent experts or consultants for each party and their full-time clerical employees who are not employees of or related in any way to the parties or their affiliates and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with this action; provided, however, that (1) such persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order, (2) each party shall keep a written record of all Highly Confidential information that it discloses to any expert or consultant, and (3) a party seeking to disclose Highly Confidential information to any expert or consultant who is, is working for, or has worked for an actual competitor of the designating entity either as employee, independent contractor, consultant, or otherwise, within two (2) years from the signing of this Protective Order, must deliver written notice to the designating entity at least fifteen (15) business days before making disclosure. The written notice shall include the expert's or consultant's identity, current employment, employment history or curriculum vitae, and reasons for having access to Highly Confidential information. During this period, the recipient of such notice may object to the disclosure of all or any portion of the Highly Confidential information to the proposed expert or consultant. In the event of such objection, the designating entity and the party seeking to disclose information to the expert or consultant shall attempt in good faith to negotiate a stipulation to delineate what information may be disclosed and the circumstances

under which such disclosure may be made. If they cannot agree, the party seeking to disclose Highly Confidential information shall not do so without first obtaining Court approval pursuant to Paragraph 10 hereof.

    c.    Non-party witnesses appearing for deposition and counsel for such witnesses; provided, however, that (1) such persons authored the Highly Confidential information in question or (2) such persons are or were intended and authorized recipients of the Highly Confidential information (for example, without limitation, a person identified as an addressee of a document containing Highly Confidential information). Before such access is given, a non-party witness must agree in writing to be bound by the terms of this Protective Order and each party shall keep a record of all Highly Confidential information that it discloses to any non-party witness or his counsel.

    d.    The Court and its officers (including court reporters); and

    e.    Any other person that the parties hereto agree to in writing.

Any person to whom disclosure will be made pursuant to Paragraphs 5(b) or (c) of this Order shall be given in advance a copy of this Order and shall acknowledge that he or she is subject to the terms of this Order by executing the recital in the form attached here as Exhibit "A." Counsel for each party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 5(b) or (c) to whom counsel has disclosed or exhibited any Highly Confidential information.

    6.    Absent a Court order, Highly Confidential information bearing a label specified in paragraph 3 hereof shall not be made public or revealed in any manner, directly or indirectly, by any person to whom they are disclosed, unless they become a part of the

publicly available record of this action. All information subject to Highly Confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Highly Confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only Highly Confidential portions of filings with the Court shall be filed under seal. Such Highly Confidential information shall be filed with the Clerk of the Court in an envelope bearing the legend "FILED UNDER SEAL" or similar words.

      7.      This Protective Order shall not foreclose any of the parties from moving this Court for an order that materials bearing a label specified in paragraph 3 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure or that materials voluntarily disclosed by a party in these proceedings should not be subject to the protections of this Order. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who designated the materials in question as Highly Confidential information and such non-party shall have standing to oppose such motion before the Court. On such motion, the entity asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should be restricted. Nothing contained herein shall preclude a party or nonparty witness from (a) using or disseminating its own Highly Confidential information in any way; (b) disclosing information taken from a Highly Confidential document to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no

obligation to the party or nonparty witness who is the source of this information; (d) disclosing information which is, or at any time hereafter becomes, available to the public; or (e) waiving any provision in this Order with respect to any Highly Confidential information designated by it without further order of the Court.

8. This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief here or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

9. Subject to the limitations of this Protective Order, Highly Confidential information identified in accordance with paragraph 3 hereto may be used during discovery, during any motion hearings, at the trial of this action, or in support or in opposition to any motions in this action subject to the Federal Rules of Evidence and subject to any further Order as this Court may enter, and may be used to prepare for discovery, trial, and any motions in this action, but may not be used for any other purpose; provided, however, that those portions of such testimony, evidence, and motion papers containing Highly Confidential information shall also be considered Highly Confidential information subject to the strictures of this Protective Order and must be filed with the Clerk of this Court in accordance with paragraph 6 of this Order. When Highly Confidential information or other documents containing such information are presented, quoted or referenced in any hearing, trial or other proceeding, the party offering such Highly Confidential information shall first inform the Court of the Highly Confidential nature of the information. The designating party shall then have the opportunity to request

the Court not permit the disclosure of its Highly Confidential information to people otherwise not entitled to receive it under this Protective Order.

10. In the event that a party desires to provide access to Highly Confidential information hereunder to any person or category of persons not included in paragraph 5 hereof or under terms and conditions other than as the parties have agreed pursuant to paragraph 5 hereof, the party desiring to provide access shall move this Court for an order that such person or category of persons may be given access to the Highly Confidential information under such terms and conditions as the party shall designate in its motion papers. In the event that the motion is granted, such person or category of persons may have access to the Highly Confidential information provided that such person or persons have first agreed in writing to be bound by the terms of this Protective Order and have signed a copy of Exhibit "A" hereto.

11. Within sixty (60) days after the final termination of this proceeding, including all appeals, counsel for all parties shall either return all Highly Confidential material and copies thereof to the producing party, or certify in writing that all such Highly Confidential materials have been destroyed. Counsel shall be responsible for ensuring that any experts who have received Highly Confidential material have either returned it to the producing party or certified that such Highly Confidential material has been destroyed. Notwithstanding the above, outside trial counsel of record for each party may retain one archive copy of all litigation documents and discovery material, even if they contain or reflect another party's Highly Confidential information. Trial counsel's archive copy shall remain subject to all obligations of this Protective Order.

12. No copy of any deposition transcript or any portion thereof designated as Highly Confidential information shall be prepared or furnished by the reporter to any person other than to attorneys of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Highly Confidential. If so designated, the Highly Confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with paragraph 6 above unless otherwise agreed upon by the parties.

13. Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work-product, and no party or non-party witness shall be held to have waived any rights by such inadvertent production. The producing entity shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document or information to the producing entity and shall not retain any copies for itself or its counsel. Such document or information shall not be introduced into evidence in this or any other proceeding without consent of the producing entity or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. In the event that a party or nonparty witness to which Highly Confidential information has been disclosed receives a discovery request, subpoena, order or other form

of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as Highly Confidential, the subpoenaed party shall promptly notify the designating party of the demand. If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party the opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.

15. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

Respectfully submitted,

| Dated: 10/03/05 | Dated: 9/30/05 |
|---|---|
| /s/   Charles R. Hoffmann | /s/   Jeffrey L. Eichen |
| Charles R. Hoffmann, Esq. (*Pro Hac Vice*) | Roger Colaizzi (*Pro Hac Vice*) |
| CRHDocket@hoffmannbaron.com | Jeffrey L. Eichen (*Pro Hac Vice*) |
| Glenn T. Henneberger, Esq. (*Pro Hac Vice*) | Michelle M. Marcus (*Pro Hac Vice*) |
| GTHDocket@hoffmannbaron.com | Venable LLP |
| Hoffmann & Baron, LLP | 575 7th Street N.W. |
| 6900 Jericho Turnpike | Washington, DC 20004 |
| Syosset, New York  11791-4407 | (202) 344-4000 |
| Telephone: (516) 822-3550 | (202) 344-8300 (fax) |
| Facsimile: (516) 822-3582 | |
| | and |
| and | |
| | Daniel J. Gleason |
| Nicholas J. Nesgos (BBO No. 553177) | Ronald E. Cahill |
| nnesgos@pbl.com | Michelle C. Jackson |
| Jennifer Finger (BBO No. 641830) | Nutter, McClennen & Fish, LLP |

| | |
|---|---|
| jfinger@pbl.com<br>Joseph W. Corrigan (BBO No. 647393)<br>jcorrigan@pbl.com<br>Posternak Blankstein & Lund LLP<br>Prudential Tower, 800 Boylston Street<br>Boston, Massachusetts 02199-8004<br>Telephone: (617) 973-6100<br>Facsimile: (617) 367-2315<br><br>Attorneys for Plaintiff<br>The Holmes Group, Inc. | World Trade Center West<br>155 Seaport Blvd.<br>Boston, MA 02210-2604<br>(617) 439-2000<br>(617) 310-9000 (fax)<br><br>Attorneys for Defendant<br>Euro-Pro Operating, LLC |

SO ORDERED.

BY THE COURT:

By: _____

**Appendix A: Confidentiality Undertaking**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE HOLMES GROUP, INC., : | |
| : | Civil Action No. 05-CV-10504 (NMG) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| EURO-PRO OPERATING, LLC, : | |
| : | |
| Defendant. : | |

## CONFIDENTIALITY UNDERTAKING

I, _____, being duly sworn, state that:

1. My address is: _____.
2. I am presently employed at _____, having address _____.
3. My present occupation or job description is _____.
4. I hereby acknowledge that I may in the future receive information designated as Highly Confidential—Attorneys' Eyes Only from _____.
5. I have been provided with a copy of the Stipulated Protective Order, have read it and am familiar with its provisions.
6. I agree to comply with and be bound by the terms of the Stipulated Protective Order, including the prohibition from revealing any information designated as Highly Confidential—Attorneys' Eyes Only to anyone not authorized to receive such information pursuant to the terms of the Order.
7. I agree that any copies of information that I retain will be treated in accordance with the provisions of the Stipulated Protective Order.
8. I will not use the information provided to me under the provisions of the Stipulated Protective Order for any reason other than the above-captioned litigation.
9. I agree that with thirty (30) days of the conclusion of the above-captioned litigation, I will either return all information provided to me to the person who gave it to me, or I will destroy it and certify its destruction in a sworn writing, upon request.
10. I agree to be subject to the jurisdiction of the United States District Court for the District of Massachusetts in any proceeding relating to any enforcement or violation of the Stipulated Protective Order.

Signature: _____   Date: _____