## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | : | |
| THE HOLMES GROUP, INC., | : | |
| | : | Civil Action No. |
| Plaintiff/Counter-Defendant, | : | 05-CV-10504 (NMG) |
| | : | |
| v. | : | |
| | : | |
| EURO-PRO OPERATING, LLC, | : | |
| | : | |
| Defendant/Counter-Claimant. | : | |

## FIRST AMENDED ANSWER TO DEFENDANT'S COUNTERCLAIMS

In response to the Court's Order denying Plaintiff's Motion to Dismiss Defendant's Third, Fourth and Fifth Counterclaims, Plaintiff The Holmes Group, Inc. (hereinafter "Holmes") files this amended answer to respond to all of the counterclaims filed by Defendant Euro-Pro Operating, LLC (hereinafter "Euro-Pro") with each paragraph below corresponding to the same numbered paragraph of Defendant's First Amended Answer to First Amended Complaint and Counterclaims.

For its response to the numbered paragraphs of Euro-Pro's First Amended Answer to First Amended Complaint and Counterclaims, Holmes states as follows:

## COUNTERCLAIMS

*Jurisdiction and Venue*

### Paragraph No. 27

These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. *§ 1 et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### Holmes' Answer to Paragraph No. 27

Admitted.

**Paragraph No. 28**

Jurisdiction in this court is proper under 28 U.S.C. §§ 1331 and 1338. Furthermore, this Court has personal jurisdiction over Holmes based upon, among other things, its domicile in this judicial district and the filing of this civil action.

**Holmes' Answer to Paragraph No. 28**

Admitted.

**Paragraph No. 29**

Venue in this court is proper under 28 U.S.C. § 1391.

**Holmes' Answer to Paragraph No. 29**

Admitted.

*The Parties*

**Paragraph No. 30**

Euro-Pro is a Delaware corporation having a principal place of business at 1210 Washington Street, Newton, Massachusetts 02465-2147.

**Holmes' Answer to Paragraph No. 30**

Admitted.

**Paragraph No. 31**

Upon information and belief, Holmes is a Massachusetts corporation having a principal place of business at One Holmes Way, Milford, Massachusetts 01757.

**Holmes' Answer to Paragraph No. 31**

Admitted.

*Allegations Common to All Counts*

**Paragraph No. 32**

Euro-Pro incorporates by reference all of the statements set forth above in its first amended answer to Holmes's first amended complaint.

**Holmes' Answer to Paragraph No. 32**

Holmes denies each of the statements incorporated by reference which deny infringement

of the patents-in-suit or allege that the patents-in-suit are invalid and unenforceable.

**Paragraph No. 33**

Upon information and belief Holmes purports to be the assignee and owner of the '483, '855 and '921 patents.

**Holmes' Answer to Paragraph No. 33**

Admitted.

**Paragraph No. 34**

On or about March 17, 2005, Holmes filed its complaint in this action seeking, *inter alia,* a judgment of patent infringement, that Euro-Pro has willfully directly infringed, actively induced others to infringe, and has contributed to the infringement of the '483 and '855 patents, and a preliminary and permanent injunction enjoining Euro-Pro from making, using, importing, offering for sale, and selling allegedly infringing products. On or about March 31, 2005, Holmes filed its first amended complaint against Euro-Pro, alleging infringement of the '483, '855 and '921 patents.

**Holmes' Answer to Paragraph No. 34**

Admitted.

**Paragraph No. 35**

As set forth above, Euro-Pro denies that it has infringed the '483, '855 or '921 patents or that it has willfully directly infringed, actively induced others to infringe, and/or has contributed to the infringement of any valid or enforceable claim of the patents, and Euro-Pro further alleges that the patents are invalid, unenforceable or both.

**Holmes' Answer to Paragraph No. 35**

Holmes admits that Euro-Pro has denied the allegations of infringement set forth in

Holmes' First Amended Complaint.  Holmes denies the remainder of the allegations set forth in

Paragraph 34.

**Paragraph No. 36**

Based upon the foregoing, as well as Holmes' allegations that Euro-Pro has infringed the '483, '855 or '921 patents, an immediate and justiciable controversy exists between Euro-Pro and Holmes as to the infringement, validity, and enforceability of the patents.

**Holmes' Answer to Paragraph No. 36**

Admitted.

***First Counterclaim—Non-infringement of the '483, '855 or '921 Patents***

**Paragraph No. 37**

The allegations set forth above are incorporated herein by reference.

**Holmes' Answer to Paragraph No. 37**

Holmes incorporates by reference its answers to the allegations set for above.

**Paragraph No. 38**

There is an actual, substantial, and continuing justiciable controversy between Euro-Pro and Holmes regarding the alleged infringement of the '483, '855 and '921 patents.

**Holmes' Answer to Paragraph No. 38**

Admitted.

**Paragraph No. 39**

Euro-Pro does not infringe the '483, '855 or '921 patents.

**Holmes' Answer to Paragraph No. 39**

Denied.

**Paragraph No. 40**

Euro-Pro requests, and is entitled to, a declaratory judgment that it does not infringe any claim of the '483, '855 or '921 patents.

**Holmes' Answer to Paragraph No. 40**

Denied.

***Second Counterclaim—Invalidity of the '483, '855 and '921 Patents***

**Paragraph No. 41**

The allegations set forth above are incorporated herein by reference.

**Holmes' Answer to Paragraph No. 41**

Holmes incorporates by reference its answers to the allegations set for above.

**Paragraph No. 42**

There is an actual, substantial, and continuing justiciable controversy between Euro-Pro and Holmes regarding the invalidity of the '483, '855 and '921 patents.

**Holmes' Answer to Paragraph No. 42**

Admitted.

**Paragraph No. 43**

The '483, '855 and '921 patents are invalid for failure to comply with the patent laws of title 35 of the Untied States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the judicial doctrine of double patenting.

**Holmes' Answer to Paragraph No. 43**

Denied.

**Paragraph No. 44**

Euro-Pro requests, and is entitled to, a declaratory judgment that the '483, '855 and '921 patents are invalid under 35 U.S.C. §§ 101, 102, 103 and 112, and/or the judicial doctrine of double patenting.

**Holmes' Answer to Paragraph No. 44**

Denied.

***Third Counterclaim—Unenforceability of the '855 and '921 Patents***

**Paragraph No. 45**

The allegations set forth above are incorporated herein by reference.

**Holmes' Answer to Paragraph No. 45**

Holmes incorporates by reference its answers to the allegations set forth above.

**Paragraph No. 46**

There is an actual, substantial, and continuing justiciable controversy between Euro-Pro and Holmes regarding the enforceability of the '855 and '921 patents.

**Holmes' Answer to Paragraph No. 46**

Admitted.

**Paragraph No. 47**

Upon information and belief, the '855 and '921 patents are unenforceable by reason of misconduct in the process of obtaining the patents from the United States Patent and Trademark Office ("PTO"). Upon information and belief, Holmes did not bring to the PTO's attention certain material prior art and other information material to the patentability of its applications.

**Holmes' Answer to Paragraph No. 47**

Denied.

**Paragraph No. 48**

Specifically, beginning in or about November, 2003, Euro-Pro notified Holmes that it had material prior art regarding the subject matter of the '483, '855 and '921 patents and offered to provide it to Holmes. Euro-Pro informed Holmes that the prior art raised substantial doubt about the patentability of Holmes's claimed inventions and that, once in possession of the prior art, Holmes would need to reconsider its accusations of patent infringement against Euro-Pro. Holmes, however, refused Euro-Pro's offer.

**Holmes' Answer to Paragraph 48**

Denied.

**Paragraph No. 49**

Thereafter, Holmes filed a number of information disclosure statements ("IDSs") with the PTO in which Holmes represented falsely to the PTO that "Applicants are not aware of any other references to be identified at this time" and failed to include and information about the prior art references offered by Euro-Pro. By such affirmative statements and omissions, Holmes intentionally deceived the PTO into believing that the IDSs submitted by Holmes contained a complete listing of the prior art material to Holmes's patent applications, when in fact Holmes had omitted from its IDSs that other, material prior art was available to Holmes and Holmes had refused an offer to see it. The dates of filing the Holmes's IDSs include, without limitation, November 13 and December 1, 2003. In addition, Holmes also filed other documents relating to the '921 patent on December 1, 2003, and May 7 and October 19, 2004. Holmes intentionally omitted any mention of the prior art references offered by Euro-Pro in any of these written communications.

**Holmes' Answer to Paragraph 49**

Denied.

**Paragraph No. 50**

Upon information and belief, Holmes intended that the PTO would rely upon and be deceived by Holmes's knowingly false and incomplete IDSs.  Specifically, Holmes intended that the PTO would examine each IDS and rely on its contents in its decision to allow Holmes's patent applications.  The PTO actually received and relied upon Holmes's IDSs in its decision to allow Holmes's patent applications.

**Holmes' Answer to Paragraph 50**

Denied.


**Paragraph No. 51**

Discovery in this matter has not yet begun, and Euro-Pro has not yet been granted access to Holmes's documents and witnesses to determine whether there is other material prior art that Holmes intentionally concealed or omitted from its IDSs.

**Holmes' Answer to Paragraph 51**

Denied.


**Paragraph No. 52**

Euro-Pro requests, and is entitled to, a declaration that the '855 and '921 patents are unenforceable.

**Holmes' Answer to Paragraph 52**

Denied.


***Fourth Counterclaim—Intentional Interference with Existing and Prospective Contractual Relations***

**Paragraph No. 53**

The allegations set forth above are incorporated herein by reference.

**Holmes' Answer to Paragraph No. 50**

Holmes incorporates by reference its answers to the allegations set forth above.

**Paragraph No. 54**

Euro-Pro has contractual relations with existing customers and a reasonable expectation of contractual relations with prospective customers for its products, including the "Programmable Intelligent Gourmet Slow Cooker," model number KC276T.

**Holmes' Answer to Paragraph No. 54**

Holmes is without sufficient knowledge or information to form a belief as to the truth of

the allegations contained in Paragraph 54 and on that basis denies each and every allegation

therein.

**Paragraph No. 55**

Holmes knows of Euro-Pro's existing and prospective contractual relations and has intentionally and wrongfully interfered with them.

**Holmes' Answer to Paragraph No. 55**

Denied.

**Paragraph No. 56**

Specifically, upon information and belief, Holmes has asserted falsely to others, including Euro-Pro's existing and prospective customers, that Euro-Pro's products infringe one or more claims of the '483, '855 and '921 patents—at a time when Holmes knew or should have known that such statements were false and with the intention that such statements would cause harm to Euro-Pro's existing and prospective contractual relations.

**Holmes' Answer to Paragraph No. 56**

Denied.

**Paragraph No. 57**

Upon information and belief such acts of tortious interference have been committed in this and other judicial districts and will continue unless enjoined by the Court.

**Holmes' Answer to Paragraph No. 57**

Denied.

**Paragraph No. 58**

Euro-Pro has suffered and will continue to suffer damages and irreparable injury as a result of Holmes' tortious interference.

**Holmes' Answer to Paragraph No. 58**

Denied.

*Fifth Counterclaim—Unfair Competition*

**Paragraph No. 59**

The allegations set forth above are incorporated herein by reference.

**Holmes' Answer to Paragraph No. 59**

Holmes incorporates by reference its answers to the allegations set forth above.

**Paragraph No. 60**

Holmes is liable to Euro-Pro for unfair competition.

**Holmes' Answer to Paragraph No. 60**

Denied.

**Paragraph No. 61**

Specifically, upon information and belief, Holmes has asserted falsely to others, including Euro-Pro's existing and prospective customers, that Euro-Pro's products infringe one or more claims of the '483, '855 and '921 patents-at a time when Holmes knew or should have known that such statements were false.

**Holmes' Answer to Paragraph No. 61**

Denied.

**Paragraph No. 62**

Upon information and belief, such acts of unfair competition have been committed in this and other judicial districts and will continue unless enjoined by the Court.

**Holmes' Answer to Paragraph No. 62**

Denied.

**Paragraph No. 63**

Euro-Pro has suffered and will continue to suffer damages and irreparable injury as a result of Holmes' tortious interference.

**Holmes' Answer to Paragraph No. 63**

Denied.


## HOLMES' PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Holmes  prays for judgment against Defendant Euro-Pro as follows:

A.    Judgment for Holmes that the '483, '855 and '921 patents are valid and enforceable;

B.    Judgment for Holmes on its cause of action for patent infringement;

C.    Preliminary and permanent injunction enjoining Euro-Pro, its officers, directors, agents, employees, and all those in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, from making, using, importing, offering for sale, and selling infringing slow cookers and from otherwise infringing, contributing to infringement, and actively inducing infringement of the patents-in-suit;

D.    An award of compensatory and punitive damages to Holmes by reason of the wrongs committed by Euro-Pro, including an award of increased damages pursuant to 35 U.S.C. § 284, for Euro-Pro's willful and deliberate patent infringement;

E.    Judgment for Holmes denying Euro-Pro's claims of unfair competition and interference with business;

F.    Judgment for Holmes that this is an exceptional case under Title 35, United States Code § 285 and awarding Holmes their reasonable attorney fees;

- 10 -

G.    An award of costs and interest on the damages so computed; and

I.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE HOLMES GROUP, INC.
By its Attorneys,

Dated: March 8, 2006

/s/ Glenn T. Henneberger
Charles R. Hoffmann, Esq. (*Pro Hac Vice*)
CRHDocket@hoffmannbaron.com
Glenn T. Henneberger, Esq. (*Pro Hac Vice*)
GTHDocket@hoffmannbaron.com
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, New York  11791-4407
Telephone:  (516) 822-3550
Facsimile:  (516) 822-3582

and

Nicholas J. Nesgos
BBO No. 553177
nnesgos@pbl.com
Jennifer Finger
BBO No. 641830
jfinger@pbl.com
Posternak Blankstein & Lund LLP
Prudential Tower, 800 Boylston Street
Boston, Massachusetts  02199-8004
Telephone:  (617) 973-6100
Facsimile:  (617) 367-2315